MARILYN CHAIT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chait v. Commissioner
Docket No. 12381-79.
United States Tax Court
T.C. Memo 1983-272; 1983 Tax Ct. Memo LEXIS 523; 46 T.C.M. (CCH) 169; T.C.M. (RIA) 83272; May 16, 1983. *523 Petitioner is not subject to the income tax on excess distributions, if any, received from the estate of her husband. Lyeth v. Hoey,305 U.S. 188 (1938) followed. Richard D. Kuhn and Steven P. Howard, for the petitioner. Martha Sullivan, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income taxes for the taxable year 1969 in the amount of $228,191.37. [1] Respondent, *524 by amended answer, claimed an increase to the above deficiency in the amount of $78,825. The issue for decision is whether petitioner is subject to an income tax on the property that she received from her husband's estate to the extent, if at all, that this property exceeded her share under her husband's will. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and stipulated exhibits are incorporated herein by this reference. Petitioner filed a Federal income tax return for the taxable year 1969. At the time she filed her petition in this case she resided in Putnam Valley, New York. Sara Chait, the first wife of Abraham Chait, petitioner's husband, died in 1959. On December 14, 1959, Abraham Chait established the Sara Chait Memorial Foundation, Inc. (the "Foundation") in memory of his first wife. The Foundation was organized for the purpose of using its funds to make charitable contributions *525 to institutions of learning, medicine, science and religion. It is an organization exempt from Federal taxation pursuant to section 501(c)(3). [2]
Petitioner and Abraham Chait were married in 1960. Abraham Chait died on June 9, 1965. His Last Will and Testament (the "Will") was admitted to probate on June 30, 1965, in the Surrogate's Court, Putnam County, Carmel, New York. Abraham Chait's Will provided that his assets were to be divided equally between petitioner and the Foundation. His Will appointed Louis B. Frutkin as executor of the estate and gave Mr. Frutkin sole authority, in his absolute discretion, to value and to distribute the assets of the estate. This Will also exculpated Louis B. Frutkin from any liability that might arise from errors of judgment as executor. Louis B. Frutkin, as executor, filed a Federal estate tax return for the estate. This return was audited by the Internal Revenue Service and an estate tax closing letter was subsequently issued by the Internal Revenue Service to the estate on October 16, 1969. The assets of the estate were distributed to the beneficiaries *526 of the estate from December 1968 through June 1969. These distributions were made as follows: Estate Valuation of Distributions To: Sara Chait Memorial
Estate Asset
Marilyn Chait
Foundation Inc.
Real Estate
Putnam County
$ 70,000.00
Cooperative Apt.
65,000.00
Cash
1,224,631.17
$ 24,214.26 Securities
Penn Central (260)
12,740.00
Ancorp Nat. Serv. (2,800)
84,000.00
Forest City (105)
2,841.56
Cudahy (3,500)
56,437.50
H.B. American (3,000)
44,250.00
Century Indus. (16,763)
145,073.62
16,311.00 Shick Investment (408)
5,406.00
Creative Mdse. (408)
5,100.00
Wyandotte (5,850)
78,243.75 1st Hartford (10,000)
172,500.00 Cudahy
51,955.00 Loans Receivable
Herbert Frutkin
50,000.00
173,514.79 Smart Sue, Inc.
1,031,000.00 Burton Chait
144,741.05 Abe Weinberg
7,500.00 Eva Cumsky
47,500.00 Nathan L. Korman
25,000.00 Federal Tax Credit
(7,000.00)
$1,765,479.85
$1,765,479.85 The distributions from the estate did not constitute misappropriation of assets of the estate by Louis B. Frutkin and petitioner. On June 7, 1979, the Commissioner issued the petitioner a statutory *527 notice of deficiency for the taxable year 1969 in which he determined that petitioner received more than her distributive share of the assets of the Estate of Abraham Chait and that this excess represented taxable income in 1969 that she did not report. OPINION The respondent seeks to tax petitioner on what he perceives to be an excess distribution from the estate of her late husband. Petitioner denies that she received such an excess distribution but also maintains that even if respondent is correct this receipt of property is not subject to the income tax because of section 102. The pertinent part of section 102 provides: (a) GENERAL RULE.--Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance. Petitioner relies on , to conclude that the assets she received from the estate are excludable from gross income under section 102. In Lyeth, the grandson and heir at law of a decedent objected to the probate of the decedent's will. Under the will, the grandson was bequeathed a small legacy while the bulk of the $3,000,000 residuary estate was bequeathed to a charitable trust. *528 The will contest was compromised by the parties. Under the compromise the grandson received a distribution of property from the estate greatly in excess of the bequest that had been made to him in the will. The "Collector" of Internal Revenue argued in that case, as respondent argues here, that the excess should be taxed as ordinary income. The grandson argued that the excess was excluded from income under section 22(b)(3) of the Revenue Act of 1932, the predecessor to section 102. Chief Justice Hughes, writing for an undivided Court, first decided that the interpretation of the phrase "[t]he value of property acquired by gift, bequest, devise, or inheritance * * *" as found in section 22(b)(3) of the Revenue Act of 1932 must be determined under Federal rather than state law so as to provide a uniform rule. He then used broad language to conclude that Congress had intended that only the estate tax apply to the property distributed to the grandson even though the value of the distribution was greatly in excess of the bequest he was to receive under the will: In exempting from the income tax the value of property acquired by "bequest, devise, or inheritance", Congress used *529 comprehensive terms embracing all acquisitions in the devolution of a decedent's estate. For the word "descent", as used in the earlier acts, Congress substituted the word "inheritance" in the 1926 act and the subsequent revenue acts as "more appropriately including both real and personal property." Thus the acquisition by succession to a decedent's estate whether real or personal was embraced in the exemption. Further, by the "estate tax", Congress has imposed a tax upon the transfer of the entire net estate of every person dying after September 8, 1916, allowing such exemptions as it sees fit in arriving at the net estate. Congress has not indicated any intention to tax again the value of the property which legatees, devisees or heirs receive from the decedent's estate. [, footnotes omitted.] The Court found this to be the Federal rule even though under the applicable Massachusetts law the rights of parties under such a compromise were considered contractual and not testamentary. Although Lyeth v. Hoey was decided under section 22(b)(3) of the Revenue Act of 1932, section 102 of the 1954 Code was but a restatement of section 22(b)(3) *530 and no substantive change was made to the portion of that section that we consider here. H. Rept. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. A32 (1954); S. Rept. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 182 (1954). Respondent has brought no case to our attention suggesting that Lyeth v. Hoey should be read more narrowly than it appears. Based on our own analysis of the facts before us we find the rationale and decision of the Supreme Court in Lyeth v. Hoey controlling and hold that petitioner is not subject to the income tax on any excess distribution that she might have received under that rationale. In addition, respondent argues that petitioner exerted influence upon Louis B. Frutkin, executor of the estate, in order to secure the assets distributed to her and that the distributions to her amounted to a misappropriation of assets of the estate. The only direct evidence to support the inferences propounded by respondent is contained in a letter from Louis B. Frutkin to the Attorney General's Office of the State of New York. In that letter Mr. Frutkin stated that he did not participate in the distribution of the assets *531 but that the distribution had been agreed upon by petitioner and the Foundation. Mr. Frutkin was deceased at the time of trial. His letter was sent in connection with an investigation by the attorney general's office on behalf of the Foundation to determine whether the Foundation received its fair share of the estate. Mrs. Chait denied that she participated in the decision as to which assets to distribute to the beneficiaries. Frutkin's letter to the attorney general's office was self-serving and he was not available for cross-examination. Such evidence, standing alone, is insufficient to find that assets were misappropriated from the estate. Frutkin had the sole authority under the will to distribute the assets and, by the terms of the will, was exculpated from liability in exercising his judgment as executor. Respondent attempts to discredit petitioner's testimony by inferences based upon her business acumen and her relationships with various trustees of the Foundation. These inferences, when added to the self-serving letter of Frutkin, fail to convince us that petitioner misappropriated assets of the estate and we decline to so hold. Holding thus, and in view of our *532 holding as to , it is unnecessary for us to determine whether she, in fact, received such an excess distribution. Because of other concessions by petitioner, Decision will be entered under Rule 155.
Footnotes
1. Not all of this amount is in issue. The petitioner challenges respondent's determination only as to the issue addressed in this opinion, which represents $302,753.49 of the $329,139.49 of the addition to income on which the deficiency is based.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩